

**FILED & ENTERED**

**FEB 17 2017**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY Ogier    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Stage Coach Venture, LLC,<br><br><br><br>Debtor. | Case No.: 1:15-bk-13471-VK<br><br>CHAPTER 11<br><br>**ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL**<br><br>[No hearing required] |

On September 27, 2016, the Court entered the *Order Dismissing Chapter 11 Case with 180-Day Bar to Refiling Pursuant to 11 U.S.C. § 1112(b)* (the "Dismissal Order") [doc. 106]. On October 11, 2016, Stage Coach Venture, LLC ("Debtor") and unsecured creditor Thomas C. Nelson filed a Notice of Appeal of the Dismissal Order [doc. 110]. On February 15, 2017, Mr. Nelson filed the *Appellant/Creditor's Emergency Motion for Stay Pending Appeal* (the "Motion") [doc. 131], seeking a stay of an upcoming foreclosure sale on Debtor's property.

///

///

## I. BACKGROUND

On October 18, 2015, Debtor filed a voluntary chapter 11 petition. Debtor had previously filed a chapter 11 petition on June 10, 2011 (Case No. 1:11-bk-17217-AA). On June 17, 2014, the Court dismissed Debtor's prior chapter 11 case because Debtor did not have a disclosure statement approved and did not confirm a chapter 11 plan by the Court-set deadline.

### *A. Debtor's Bankruptcy Case*

On December 8, 2015, the Court entered the *Order Setting Hearing on Status of Chapter 11 Case and Requiring Report on Status of Chapter 11 Case* (the "Status Conference Order") [doc. 20]. In relevant part, the Status Conference Order stated:

> PLEASE TAKE FURTHER NOTICE that, based upon the Court's records and evidence presented at the conference, the Court may take any of the following actions at the conference (or at any continued conference) without further notice:
>
> 1. Dismiss the case….

Status Conference Order, p. 2.

Subsequently, the Court entered an order setting deadlines (the "Order Setting Deadlines") [doc. 34]. In the Order Setting Deadlines, the Court provided Debtor the following deadlines: (A) on or before March 28, 2016, Debtor had to file and serve a proposed disclosure statement for the purpose of soliciting acceptances or rejections of Debtor's Chapter 11 Plan of Reorganization; and (B) Debtor had to confirm a chapter 11 plan not later than August 31, 2016.

On March 28, 2016, Debtor filed a motion to extend the deadline by which to file a proposed chapter 11 plan and related disclosure statement (the "First Motion to Extend") [doc. 49]. On March 30, 2016, the Court entered an order granting the First Motion to Extend and extending the deadline to April 4, 2016 [doc. 50]. Although Debtor timely filed an initial disclosure statement on April 4, 2016, on May 5, 2016, Debtor filed another motion requesting an extension of the deadline by which to file an amended disclosure statement (the "Second Motion to Extend") [doc. 57]. On May 12, 2016, the Court entered an order granting the Second Motion to Extend and extending the deadline to May 13, 2016 [doc. 60]. On May 13, 2016, Debtor filed an amended chapter 11 plan and amended disclosure statement [docs. 61, 62].

On June 23, 2016, Debtor filed a status report in preparation for an upcoming status conference [doc. 75]. In the status report, Debtor informed the Court that it had settled a state court lawsuit against three former tenants (the "Settlement"), subject to Court approval.

On July 7, 2016, the Court held a hearing on the adequacy of Debtor's amended disclosure statement. In its ruling [doc. 82], the Court found that the amended disclosure statement did not contain adequate information because Debtor had not filed a motion for approval of the Settlement nor disclosed the terms of the Settlement in the amended disclosure statement. The Court also found that: (A) Debtor did not explicitly state the amount of the claims in each class and the amount of the proposed monthly payments; (B) the amended chapter 11 plan did not provide for the secured claim of the San Diego County Treasurer-Tax Collector; (C) Debtor had not provided valuation of the real property located at 18675 Old Coach Drive, Poway, California 92064 (the "Poway Property"); (D) the appraisal attached to the amended disclosure statement indicated that the Poway Property was listed for short sale, with offers dated between September 23, 2015 and January 4, 2016, but the Court had not approved employment of a broker and such offers were not attached to the amended disclosure statement; (E) the amended disclosure statement did not discuss the amount of funds Debtor's President and sole shareholder intended to contribute for the purpose of making plan payments; and (F) Debtor did not discuss whether Debtor intended to terminate its current month-to-month lease for the Poway Property. As a result, on July 14, 2016, the Court entered an order denying approval of Debtor's amended disclosure statement [doc. 84].

Debtor did not file a second amended chapter 11 plan and related disclosure statement. On August 31, 2016, the deadline to confirm a chapter 11 plan in accordance with the Order Setting Deadlines, Debtor filed a motion to extend the deadline by which to confirm a plan to December 29, 2016 (the "Third Motion to Extend") [doc. 90].

### B. Dismissal of Debtor's Bankruptcy Case

On September 8, 2016, the Court held a continued status conference. Prior to the status conference, the Court posted a tentative ruling, stating, in part:

> Debtor's case is not complex, as it involves a single real property and a promissory note (neither of which appear to be generating any income), 2 secured

> creditors (neither of which is receiving postpetition deed of trust payments), and 4 unsecured creditors.
>
> …
>
> Since [the Court denied approval of Debtor's amended disclosure statement], Debtor has failed to file a second amended disclosure statement or to confirm a plan before the August 31, 2016 deadline previously set by the Court. In light of Debtor's preceding chapter 11 case, and the lengthy opportunity Debtor had to confirm a plan before it commenced this pending case, Debtor's failure to confirm a plan, or even to obtain approval of a disclosure statement, by the Court's deadline does not appear reasonable or justified.
>
> …
>
> Notwithstanding Debtor's latest request for additional time, the Court finds that further extension of time is unwarranted.
>
> In light of Debtor's history in its prior case and in this case, Debtor has had more than sufficient opportunity since 2011 to have a disclosure statement approved and a plan confirmed. Thus, cause exists to dismiss this case under 11 U.S.C. § 1112(b)(4)(E) and (J), for failure to comply with an order of the court, and failure to confirm a plan within the time fixed by order of the court.
>
> Debtor's failure to have its settlement approved by the Court in a timely manner constitutes gross mismanagement of the estate pursuant to 11 U.S.C. § 1112(b)(4)(B), and further grounds for dismissal of Debtor's cause pursuant to § 1112(b)(1).
>
> Based on Debtor's schedules A and D, filed on November 12, 2015, it appears that the conversion of this case to chapter 7 will not generate a return to unsecured creditors. Thus, rather than converting this case to one under chapter 7, the Court will dismiss this case with 180-day bar.

Both Debtor and Mr. Nelson appeared at the September 8, 2016 status conference. In addition, the transcript from that status conference demonstrates that both parties were provided an opportunity to address the Court's tentative ruling (the "Transcript") [doc. 98]. After hearing arguments by the parties' counsel, the Court agreed to continue the status conference to September 22, 2016 and to refrain from dismissing the case if Debtor's principal, who was allegedly servicing the debts on the Poway Property, paid $100,000 into the case. Transcript, 25:9-18. Debtor agreed. 29:23-30:6.

Despite this discussion from the September 8, 2016 status conference and the Court's tentative ruling from that date, neither Debtor nor Mr. Nelson filed anything relevant prior to the continued status conference on September 22, 2016. Contrary to the Court's instruction from the

prior status conference, Debtor informed the Court at the September 22, 2016 status conference that Debtor's principal had not deposited $100,000 into Debtor's account. Consequently, the Court adopted its tentative ruling from September 8, 2016 (the "Dismissal Ruling") [doc. 105]. Based on that ruling, on September 27, 2016, the Court entered the Dismissal Order.

### *C. The Appeal of the Dismissal Order*

On October 11, 2016, Debtor and Mr. Nelson appealed the Dismissal Order. On January 12, 2017, Deutsche Bank, a secured creditor with a first deed of trust against the Poway Property, recorded a Notice of Trustee's Sale and set a sale of the Poway Property for February 23, 2017. Declaration of Kevin A. Tucker ("Tucker Declaration") [doc. 131], Exhibit C. One month later, on February 13, 2017, Mr. Nelson filed a motion for a stay of the foreclosure sale pending a determination of the appeal. Tucker Declaration, ¶ 23.

On February 14, 2017, the United States District Court ("USDC") entered an order denying Mr. Nelson's request for a stay of the foreclosure sale. Tucker Declaration, Exhibit D. The USDC found that, pursuant to Federal Rule of Bankruptcy Procedure 8007, a party seeking a stay pending appeal must first move the Bankruptcy Court for such relief.

As a result, on February 15, 2017, Mr. Nelson filed the Motion. Through the Motion, Mr. Nelson requests a stay of the foreclosure sale scheduled for February 23, 2017.

### **II. ANALYSIS**

Pursuant to Federal Rule of Bankruptcy Procedure ("Rule") 8007(a)(1)(A), "a party must move first in the bankruptcy court for the following relief: a stay of *a judgment, order, or decree of the bankruptcy court* pending appeal." (emphasis added).

Here, Mr. Nelson seeks a stay of a foreclosure sale, not of the Dismissal Order. Under Rule 8007(a)(1)(A), this Court has the power to stay its own judgments, orders or decrees, but there is no authority under which this Court may halt a foreclosure sale. The Court will presume that Mr. Nelson is requesting a stay of the Dismissal Order, which will have the effect of reinstating the automatic stay and preventing the foreclosure sale from going forward. However, the Court notes that, although Mr. Nelson's sole request is stopping the foreclosure sale, staying

the Dismissal Order will have unrelated consequences attendant to reinstating a bankruptcy case. Mr. Nelson does not discuss these consequences in the Motion.

Further, the Motion is untimely. "Implicit in [Rule 8007] is the requirement that a motion for stay pending appeal be timely filed." *In re Kaplan*, 373 B.R. 213, 215 (B.A.P. 1st Cir. 2007) (citing *In re MBM Investment Corp.*, 243 B.R. 300, 310–11 (S.D. Tex. 1999)). "Failure to timely file the motion can result in denial." *Id*. In Kaplan, the Bankruptcy Appellate Panel of the First Circuit found untimely a motion for stay pending appeal where the movant "sat on his hands for two months." *Id*. Here, the Court entered the Dismissal Order in October 2016. Mr. Nelson did not file the Motion until approximately four months later. It appears Mr. Nelson was spurred into action by the upcoming foreclosure sale. However, upon dismissal of the bankruptcy case, it was possible that secured creditors would pursue their rights under relevant nonbankruptcy law, including by foreclosing on the Poway Property. If Mr. Nelson wanted to avoid this outcome, he could have filed the Motion promptly after dismissal. Nevertheless, even if these issues were not present, the Court finds there is no cause to impose a stay of the Dismissal Order, as discussed below.

The "issuance of a stay pending appeal…rests with the sound discretion of the trial court." *In re Frantz*, 534 B.R. 378, 386 (Bankr. D. Idaho 2015); *see also Nken v. Holder*, 556 U.S. 418, 433–34, 129 S.Ct. 1749, 1761, 173 L.Ed.2d 550 (2009). "[T]he power to grant a stay 'should be sparingly employed and reserved for the exceptional situation.'" *Frantz*, 534 B.R. at 386 (quoting *In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980)). The party requesting the stay bears the burden of "showing that the circumstances justify an exercise . . . of discretion." *Nken*, 556 U.S. at 433-34.

Courts should consider four factors when determining whether to issue a stay pending appeal:

1. Whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
2. Whether the applicant will be irreparably injured absent a stay;
3. Whether issuance of the stay will substantially injure the other parties interested

1       in the proceeding; and

2     4. Where the public interest lies.

3 *Id.*, at 434 (quoting *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987)).

### ***A. Likelihood of Success on Merits***

Mr. Nelson has not demonstrated that it is likely to succeed on the merits of the case on appeal. Mr. Nelson makes three arguments regarding the Dismissal Order: (A) first, that the Court did not provide Debtor with notice and an opportunity to be heard prior to dismissing this case; (B) that there was no cause for dismissal and dismissal was not in the best interest of creditors; and (C) that the Court was complicit in delaying Debtor's timely filing of a chapter 11 plan and disclosure statement.

      i. <u>Notice and Opportunity to be Heard</u>

Pursuant to 11 U.S.C. § 102(1) –

In this title—

(1) "after notice and a hearing", or a similar phrase—

    (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

    (B) authorizes an act without an actual hearing if such notice is given properly and if—

      (i) such a hearing is not requested timely by a party in interest; or

      (ii) there is sufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act.

Based on § 102(1), the Bankruptcy Appellate Panel of the Ninth Circuit (the "BAP") found that "the concept of notice and a hearing is flexible and depends on what is appropriate in the particular circumstance." *In re Tennant*, 318 B.R. 860, 870 (B.A.P. 9th Cir. 2004). "The essential point is that the court should give counsel a meaningful opportunity to be heard." *In re Rosson*, 545 F.3d 764, 775 (9th Cir. 2008). For instance, in *Tennant*, the BAP held that the

bankruptcy court provided sufficient notice by issuing an order requiring the debtor to file missing documents within 15 days or risk dismissal of his case. *Tennant*, 318 B.R. at 864-65, 871. The BAP also held that the dismissal did not involve substantive issues, but was purely procedural based on the debtor's failure to file required documents. *Id*., at 871.

Here, the Court provided Debtor and Mr. Nelson sufficient notice and an opportunity to be heard. First, the Court's Status Conference Order explicitly stated that the Court may dismiss this case *sua sponte* during any status conference. Moreover, the Court posted a detailed tentative ruling prior to the September 8, 2016 status conference outlining the reasons the Court was inclined to dismiss this case. As noted above, both Debtor and Mr. Nelson were present and were afforded an opportunity to argue the tentative ruling. Based on the parties' oral arguments, the Court agreed to refrain from dismissing the case and to continue the status conference if Debtor's principal agreed to deposit $100,000 into Debtor's account. The parties agreed to this condition.

Nevertheless, two weeks later, Debtor appeared and informed the Court that Debtor's principal had not deposited the funds into its account. In addition, neither Debtor nor Mr. Nelson had filed anything in preparation of the September 22, 2016 status conference despite being aware that the Court would dismiss the case if Debtor's principal did not timely deposit the funds. Based on this record, the Court finds that Debtor and Mr. Nelson are not likely to succeed on the merits of this argument on appeal.

        ii. <u>Appropriateness of Dismissal</u>

Motions to dismiss under 11 U.S.C. § 1112(b) require a two-step analysis. "First, it must be determined that there is 'cause' to act. Second, once a determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'" *In re Nelson*, 343 B.R. 671, 675 (B.A.P. 9th Cir. 2006) (quoting *In re Ho*, 274 B.R. 867, 877 (B.A.P. 9th Cir. 2002)). In the Dismissal Ruling, the Court first set forth why there was cause to dismiss this case by pinpointing the applicable subsections of 11 U.S.C. § 1112(b)(4). Specifically, the Court found "cause" under 11 U.S.C. §§ 1112(b)(4)(B), (E) and (J), which subsections provide that "cause" to dismiss includes "gross mismanagement

of the estate," "failure to comply with an order of the court" and "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court."

In the Motion, Mr. Nelson asserts that "there were no facts in any declarations submitted that would establish 'gross mismanagement' of the estate." Motion, p. 16. As to the other causes for dismissal specified by the Court, Mr. Nelson states only that "[n]one of these factors were present here…." Motion, p. 17. These assertions are belied by the record. Regarding "failure to comply with an order of the court" and "failure to file a disclosure statement," the case docket clearly shows that Debtor did not timely file a chapter 11 plan and disclosure statement and did not timely confirm a plan within the deadlines set by this Court in its prior orders.

Regarding "gross mismanagement of the estate," the Court did not need declarations to reach its conclusion; the Court was able to derive its findings from the docket. In the Dismissal Ruling, the Court explicitly set forth the grounds for finding "gross mismanagement of the estate," stating that "Debtor's failure to have its settlement approved by the Court in a timely manner constitutes gross mismanagement of the estate…." In addition, "gross mismanagement of the estate" was not the only "cause" provided by the Court, as noted above. There were multiple bases to dismiss this case.

Once a court finds cause, it must next consider whether dismissal or conversion is in the best interest of creditors. Mr. Nelson asserts that the Court did not make this consideration and that "dismissal would not be in the best interests of the creditors or the estate…." Motion, p. 17. First, the Court did make this consideration. In the Dismissal Ruling, the Court stated that "[b]ased on Debtor's schedules A and D, filed on November 12, 2015, it appears that the conversion of this case to chapter 7 will not generate a return to unsecured creditors." As such, the Court explicitly found that dismissal was preferable to conversion. Moreover, Mr. Nelson does not argue that conversion would have been in the best interest of creditors; rather, Mr. Nelson simply states, without support, that dismissal was not in the best interest of creditors.

In support of his assertion that dismissal was inappropriate, Mr. Nelson cites primarily to *In re Grego*, 2015 WL 3451559 (B.A.P. 9th Cir. May 29, 2015) (unpublished disposition). In *Grego*, the BAP took issue with the bankruptcy court's finding of "gross mismanagement of the

estate" because that term is generally used to describe a debtor's postpetition conduct rather than an initial filing of incomplete and inaccurate schedules and statements. *Grego*, 2015 WL 3451559 at *5. In contrast, here, the Court based its finding of "gross mismanagement of the estate" on Debtor's postpetition conduct.

In *Grego*, the BAP also found that the bankruptcy court did not consider whether dismissal was an appropriate alternative to conversion. *Id.*, at *8. Here, the Court expressly stated the Dismissal Ruling why dismissal was better for creditors than conversion. Consequently, the facts in *Grego* are not similar to the facts in this case. As such, Mr. Nelson has not demonstrated that he will succeed on the merits of this argument on appeal.

### iii. Court's Alleged Complicity in Dismissal

Mr. Nelson states that the Court was responsible for Debtor's failure to confirm a plan timely. Mr. Nelson bases this notion on the fact that the Court allowed Deutsche Bank to supplement its opposition to Debtor's motion to value the Poway Property, which resulted in a continued date on the motion to value that was beyond the deadline to confirm a plan. Mr. Nelson also takes issue with the timing of Deutsche Bank's opposition to Debtor's motion to value the Poway Property, stating that Deutsche Bank "filed an unsupported opposition" "approximately eight months into the case…." Motion, p. 18.

However, the hearing on Debtor's motion to value took place in early July 2016 because Debtor did not file the motion to value until late May 2016. Pursuant to the Local Bankruptcy Rules, which require that oppositions be file 14 days prior to the date of hearing, Deutsche Bank timely filed its opposition. Local Bankruptcy Rule 9013-1(f). If Debtor wanted an earlier resolution of the value of the Poway Property, Debtor could have filed the motion earlier and set the motion for hearing prior to July 2016, i.e., not long before the deadline by which Debtor had to confirm a chapter 11 plan. Based on these facts, the Court does not find that Debtor and Mr. Nelson are likely to succeed on the merits of this argument on appeal.

### B. Irreparable Injury to Applicant Absent a Stay

Mr. Nelson's sole argument regarding irreparable injury is as follows: "As was the case in Country Squire, above, absent a stay pending this appeal, the foreclosure sale will proceed and

this appeal will be rendered moot." Motion, p. 19.  Mr. Nelson relied on *In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182 (B.A.P. 2d Cir. 1996), in which the court held that the movant, in that case *the debtor*, was entitled to a stay pending appeal because of potential prejudice to the debtor if an upcoming foreclosure sale was allowed to go forward.

The legal authorities above call for this Court to analyze how *the applicant* will be irreparably injured barring a stay pending appeal.  Here, the applicant is Mr. Nelson, an unsecured creditor.  Mr. Nelson has not articulated how he will be irreparably injured if the Court does not stay the Dismissal Order.  As Mr. Nelson has the burden to demonstrate why he is entitled to a stay pending appeal, *Nken*, 556 U.S. at 433-34, the Court finds that this factor is not met.

### *C. Substantial Injury to Other Interested Parties*

Mr. Nelson asserts that Deutsche Bank will not suffer substantial harm if the Court grants the Motion.  Mr. Nelson's argument that Deutsche Bank will not be substantially injured is not convincing.  That Deutsche Bank did not appear in Debtor's bankruptcy case until it opposed Debtor's motion to value the Poway Property is irrelevant to whether Deutsche Bank will be harmed by a stay of the Dismissal Order.  Debtor listed the debt owed to Deutsche Bank in its prior bankruptcy case and in this case.  As such, Deutsche Bank has been subject to the automatic stay from 2011 until 2014 and then again from 2015 until dismissal of this case in October 2016.  A stay of the Dismissal Order will further prevent Deutsche Bank from asserting its rights under nonbankruptcy law and cause significant delay.  As a result, the Court finds there will be substantial injury to other parties if the Court stays the Dismissal Order.

### *D. Public Interest*

Generally, the public interest weighs against a stay, and in favor of moving forward with the case. Rule 1001 (stating that the Federal Rules of Bankruptcy Procedure "shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding"); *Katchen v. Landy*, 382 U.S. 323, 328, 86 S.Ct. 467, 472, 15 L.Ed.2d 391 (1966) ("[T]his Court has long recognized that a chief purpose of the bankruptcy laws is 'to secure a prompt and effectual administration and settlement of estate of all bankrupts within a limited period."); *In re*

*North Plaza, LLC*, 395 B.R. 113, 127 (S.D. Cal. 2008) (finding that the "public interest in speedy and accurate bankruptcy proceedings warrants denying the application for stay of the bankruptcy court's Order") (emphasis omitted); *and In re Porter*, 54 B.R. 81, 82 (Bankr. D. Ok. 1985) ("[T]he public interest, though difficult to measure in a case involving primarily private rights, is generally served by moving forward.").

As to this factor, Mr. Nelson only states that a stay pending appeal "will certainly not harm the public interest." Motion, p. 19. However, Mr. Nelson does not otherwise articulate the effect on public interest. Given the authorities above, which advise against stays pending appeal, the Court finds it is in the public interest to deny the Motion.

In light of the foregoing, having reviewed the Motion and the record, and good cause appearing, it is hereby

ORDERED, that the Motion is denied.

###

Date: February 17, 2017

Victoria S. Kaufman
United States Bankruptcy Judge